**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4004**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CLARENCE SCRANAGE, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:05-cr-00391-HEH)

Submitted:  September 28, 2007        Decided:  November 20, 2007

Before NIEMEYER, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Reginald M. Barley, Richmond, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, Brian L. Whisler, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dr. Clarence Scranage, Jr., appeals his conviction and sentence for making a false statement to a Federal Bureau of Investigation agent and obstruction of justice in violation of 18 U.S.C.A. §§ 1001, 1512 (West 2000 & Supp. 2005). Dr. Scranage claims the district court erred by denying his motion to dismiss the indictment based on an alleged oral conferral of immunity. We affirm.

Courts may enforce informal grants of transactional immunity under the concept of equitable immunity where:

> (1) an agreement was made; (2) the defendant has performed on his side; and (3) the subsequent prosecution is directly related to offenses in which the defendant, pursuant to the agreement, either assisted with the investigation or testified for the government.

United States v. McHan, 101 F.3d 1027, 1034 (4th Cir. 1996) (quoting Rowe v. Griffin, 676 F.2d 524, 527-28 (11th Cir. 1982)). We have reviewed the entire record and find no basis for reversing the district court's conclusion that there was no agreement between the parties to confer immunity on Dr. Scranage.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED